IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROGER EASTMAN,                                      3:11-cv-00701-PK

             Plaintiff,                          FINDINGS AND
                                             RECOMMENDATION

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,
                        Defendant.
_____

PAPAK, Magistrate Judge:

      This action was filed against defendant Michael A. Astrue, Commissioner of Social

Security, by plaintiff Roger Eastman on June 10, 2011. Eastman sought review of the

Commissioner's decision finding him not disabled for purposes of entitlement to Disability

Insurance Benefits and Supplemental Security Income. On August 21, 2012, I recommended that

the Commissioner's decision be reversed and remanded for further proceedings. (#19.) On

Page 1 - FINDINGS AND RECOMMENDATION

August 21, 2012, Judge Simon adopted my recommendation and remanded the matter for further

proceedings. (#21, #22.)   Now before the court is Eastman's contested motion for an award of

attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 *et. seq.*

(#24.)  The parties dispute whether the government's position was substantially justified and

whether Eastman's attorney fee request is reasonable.  I have considered the parties' briefs and all

of the evidence in the record.  For the reasons set forth below, Eastman's motion should be

granted, and his attorney should be awarded $6,799.34 in attorney fees.

## ANALYSIS

**I.      Plaintiff's Entitlement to Award of Attorney Fees and Costs**

Eastman seeks attorney fees pursuant to the Equal Access to Justice Act (EAJA).  The

EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and
> other expenses, in addition to any costs awarded pursuant to subsection (a),
> incurred by that party in any civil action (other than cases sounding in tort),
> including proceedings for judicial review of agency action, brought by or against
> the United States in any court having jurisdiction of that action, unless the court
> finds that the position of the United States was substantially justified or that
> special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Moreover, the definition of a "party" eligible to seek fees under §

2412 includes, in relevant part, "an individual whose net worth did not exceed $2,000,000 at the

time the civil action was filed."  28 U.S.C. §  2412(d)(2)(B)(i).  Finally, a plaintiff who obtains a

remand order under sentence four of 42 U.S.C. § 405(g) must file an application for EAJA fees

within thirty days of the expiration of the time for appeal of a final judgment.  *Shalala v.*

*Schaefer*, 509 U.S. 292 (1993).  Where no "final judgment" has been formally entered following

the remand order, however, "the time to file an EAJA petition has not run."  *Holt v. Shalala*, 35

F.3d 376, 380 (9th Cir. 1994).

Here, it is undisputed that Eastman meets the timing requirements of § 2412(d). Judgment was entered on September 13, 2012 and corrected on September 14, 2012. The time for appeal by the Commissioner expired 60 days later, on November 13, 2011. *See* Fed. R. App. P. 4(a)(1)(B). Eastman filed his motion for fees less than thirty days later, on December 7, 2012.

Nevertheless, the government insists that its position was substantially justified, even though Eastman prevailed and the court reversed the decision of the ALJ and remanded for further proceedings. The government is substantially justified for the purposes of the EAJA if its position had a reasonable basis both in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Flores v. Shalala*, 49 F.3d 562, 569–70 (9th Cir. 1995). The government's position in a case includes both its litigating position, and its conduct at the agency level. *See Wilderness Society v. Babbitt*, 5 F.3d 383, 388 (9th Cir. 1993) The government bears the burden to prove substantial justification. *Pierce*, 487 U.S. at 569. Substantial justification means justification to a degree that could satisfy a reasonable person. *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir. 1990).

Eastman originally appealed the ALJ's denial of benefits on five grounds, arguing that: (1) a psychological evaluation and radiology report, obtained after the ALJ's decision and submitted to the Appeals Council as part of the request for review, constituted new and material evidence warranting remand; (2) the ALJ improperly rejected the lay testimony of Eastman's girlfriend; (3) the ALJ improperly failed to find Eastman's diabetes mellitus to be a severe impairment at step two and also failed to include limitations caused by that impairment in his RFC; (4) the ALJ improperly discredited Eastman's testimony; and (5) the ALJ improperly relied

Page 3 - FINDINGS AND RECOMMENDATION

on vocational testimony that deviated from the Dictionary of Occupational Titles (DOT) without explanation.

This court found the first argument meritorious. Eastman submitted new evidence to the Appeals Council, most notably a new psychological evaluation diagnosing Eastman with a learning disorder, a mood disorder, and an impulse control disorder and opining that he was not realistically employable due to lack of skills and absences linked to his impairments. In light of that submission, the ALJ's decision was no longer supported by substantial evidence.

This court also agreed with Eastman's fifth argument. Specifically, I found that the occupations the vocational expert identified – linen room sorter and motel cleaner– required the ability to read, write, and perform arithmetic at the lowest general education development (GED) levels, according to the DOT. However, Eastman's RFC did not include those basic reading, writing, and mathematical skills. Because the VE did not explain why his testimony deviated from the DOT, the ALJ lacked the persuasive evidence necessary to rely on the VE's testimony, despite that conflict with the DOT.

Now the government essentially seeks to relitigate the merits of these issues. For example, concerning Eastman's fifth argument, the government cites cases observing that even illiterate individuals are not automatically precluded from performing occupations involving the lowest GED levels. *See, e.g., Landeros v. Astrue*, No. CV 11–7156–JPR, 2012 WL 2700384, at *5 (C.D. Cal. July 6, 2012); *Meza v.* Astrue, No. C–09–1402–EDL, 2011 WL 11499, at *21 (N.D.Cal. Jan. 4, 2011). I do not disagree with the government's statement of that legal principle, but the cases the government cites certainly do not excuse the VE's testimony in this case. *Landeros* addresses the question of whether a non-English speaker can perform a job

requiring level-one language development under the DOT, while *Meza* considers whether a non-English speaker who is also illiterate can perform work requiring reasoning level two under the DOT. Neither address the particular limitations or GED levels at issue in this case. Eastman was apparently an English speaker, but crucially, he lacked the ability to perform even basic mathematical calculations that the DOT's job descriptions required.

Regarding Eastman's first argument, the government faults the court for failing to cite any particular ALJ finding that was no longer supported by substantial evidence in light of the materials submitted for the first time to the Appeals Council. This argument also misses the mark. The court's opinion made clear that the ALJ's reliance on the state agency consultants was one such problematic finding, because those consultants reached their opinions without the benefit of the later-submitted evaluation of Dr. Litman diagnosing Eastman with various psychological disorders. (F&R, #19, at 8.) The court observed that one consultant even rendered a decision under the assumption that Eastman had not alleged *any* psychological limitation, an assumption that was no longer valid after Eastman submitted his additional report. *Id.* at 7. Another unsubstantiated finding was the ALJ's decision to give limited weight to Dr. Pierce's neuropsychological evaluation "to the extent it was consistent with other evidence as a whole;" by definition, the ALJ could not possibly have evaluated Dr. Pierce's report as it compared to Dr. Litman's later-submitted findings. (F&R, #19, at 7.) While the Ninth Circuit's requirement to evaluate the ALJ's findings against a factual record that was never before the ALJ originally strikes this court as somewhat strange, I do not hold this anomaly against the government on the current motion. It is not so much the ALJ's original decision concerning Eastman's psychological limitations, but rather the government's current defense of that decision in light of

the newly presented evidence, that lacks substantial justification.

In finding the government's litigation position not substantially justified, the court also considers the fact that the government never voiced any of its current concerns in objections to this court's Finding and Recommendation. Faced with no objections, Judge Simon found this court's opinion to be free of clear error. Thus, while not strictly dispositive, the district court's reversal of the ALJ's decision militates strongly in favor of finding that the government's defense of that decision was not substantially justified. *See Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("A holding that the agency's decision ... was unsupported by substantial evidence is ... a strong indication that the position of the United States ... was not substantially justified. Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record") (internal quotation marks and citations omitted); *Clemens v. Astrue*, No. 3:11–CV–06118–KI, 2012 WL 5996950, at *2 (D. Or. Nov. 30, 2012); *Salazar v. Astrue*, No. 03:10–cv–895–HU, 2012 WL 4856105, at *2 (D.Or. Sept. 19, 2012).

## II.    Attorney Fees

### A.    Hours Reasonably Expended

The government argues that even if the court finds the government's position not to be substantially justified, it should still reduce the award of attorney fees in consideration for Eastman's arguments that were not ultimately persuasive. Courts begin their analysis of a reasonable attorney fee by calculating the "lodestar," which is the "number of hours expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-564 (1986). The fee claimant bears the burden to

demonstrate that the number of hours spent was reasonably necessary to the litigation and that

counsel made a "good faith effort to exclude from [the] fee request hours that are excessive,

redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Frank*

*Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989). The district

court has an obligation to consider "the relationship between the amount of the fee awarded and

the results obtained." *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (citing *Hensley v.*

*Eckhart*, 461 U.S. 424, 437(1983)) (reversing the district court's award of attorney fees for hours

plaintiff spent pursuing an unsuccessful appeal seeking remand for award of benefits after district

court granted remand for further proceedings).

    The government's premise that EAJA fees can only be awarded for attorney hours spent

pursuing winning arguments is flawed.  While the Supreme Court in *Hensley* held that the extent

of a plaintiff's success is a crucial factor in determining the proper amount of EAJA fees, it took

a nuanced and sensible view of that analysis:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his
> successful claims, the hours spent on the unsuccessful claim should be excluded in
> considering the amount of a reasonable fee.  Where a lawsuit consists of related claims, a
> plaintiff who has won substantial relief should not have his attorney's fee reduced simply
> because the district court did not adopt each contention raised.

*Hensley*, 461 U.S. at 440.  The *Hensley* court also spoke to the government's current contention,

suggesting that no reduction of EAJA fees should result when a plaintiff obtains the desired

result, despite advancing certain unsuccessful arguments:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully
> compensatory fee. Normally this will encompass all hours reasonably expended on the
> litigation, and indeed in some cases of exceptional success an enhanced award may be
> justified. In these circumstances the fee award *should not be reduced simply because the*
> *plaintiff failed to prevail on every contention raised in the lawsuit.*

*Id.* at 435 (emphasis added).

Relying on *Hensley*, Judge Clarke of this District recently rejected an identical argument from the government seeking a reduction of EAJA fees in a Social Security case to account for time spent on losing legal arguments. *See Williams v. Astrue*, No.1:10–cv–00194–CL, 2012 WL 3527224, at *3-4 (D. Or. June 26, 2012) (refusing to reduce EAJA fee request simply because plaintiff obtained a remand based on only one of many issues raised, since plaintiff obtained the relief she sought on her single claim for reversal of the Commissioner's decision); *but see Jackson v. Astrue*, No. CV–09–989–MO, 2011 WL 2619493 (D. Or. June 28, 2011) (treating each argument in favor of reversal and remand as a separate "claim" and reducing plaintiff's fee award by 25% to account for unsuccessful "claims" that were unrelated to plaintiff's successful "claim").

Following Judge Clarke's approach, I find that while three of Eastman's five arguments were unavailing, he still achieved a reversal and remand based on two of his legal theories. Considering this successful result, no reduction of hours is warranted. Eastman's attorney spent a total of 37 hours on behalf of Eastman's case, 34.5 hours detailed in the initial time sheet and 2.5 additional hours drafting a reply to the government's resistance to Eastman's EAJA fee application. All of these hours were reasonably expended.

**B.    Reasonable Rate**

Pursuant to the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Courts calculate "cost-of-living increases . . . by multiplying the

$125 statutory rate by the annual average consumer price index figure for all urban consumers ("CPI-U") for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of EAJA's $ 125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876-877 (9th Cir. 2005).

Here, Eastman seeks an hourly rate of $180.59 for 1.5 hours of attorney work performed in 2011 and $183.90 for 35.5 hours of attorney work performed in 2012. These rates are consistent with the *Thangaraja* method of calculation, based on the Consumer Price Index data for 2011 and 2012, and are therefore reasonable for EAJA purposes. *See* Consumer Price Index Detailed Report Tables, U.S. Department of Labor, Bureau of Labor Statistics, *available at* http://www.bls.gov/cpi/tables.htm.

### C.    Calculation and Adjustment of the Lodestar Figure

The sum of $270.89 (for one and a half hours worked by Eastman's counsel in 2011 at a rate of $180.59 per hour) and $6,522.42 (for 35.5 worked by Eastman's counsel in 2012 at a rate of $183.90 per hour) is $6,799.34.  I do not find adjustment of that lodestar figure is warranted here. (Eastman Decl., #24.) Therefore, Eastman's counsel should be awarded $6,799.34 in attorney fees; Eastman has agreed that any EAJA fee awards are to be paid directly to his attorneys, rather than to him. (Eastman Decl., #24.)

//

//

//

//

//

Page 9 - FINDINGS AND RECOMMENDATION

## CONCLUSION

For the reasons set forth above, Eastman's motion (#24) should be granted, and the Commissioner should be ordered to pay Eastman's attorney fees in the amount of $6,799.34.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 25th day of January, 2013.

Honorable Paul Papak
United States Magistrate Judge