IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ROGER EASTMAN,** | Case No. 3:11-cv-701-PK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **MICHAEL J. ASTRUE,** Commissioner of Social Security, | |
| Defendant. | |

Merrill Schneider, Schneider Kerr Law Offices, PO Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, District of Oregon, Adrian L. Brown, Assistant United States Attorney, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201. Of Attorneys for Defendant.

**SIMON, District Judge**.

Plaintiff Roger Eastman moved for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et seq*. Dkt. 24. On January 25, 2013, United States Magistrate Judge Paul Papak issued Findings and Recommendation that Eastman's motion for attorney's fees be granted and that he be awarded fees in the amount of $6,799.34 ("F&R"). Dkt. 34. For the reasons discussed below, this Court grant's Eastman's motion and awards fees in the amount of $6,799.34.

Under the Federal Magistrates Act, the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28

U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of an F&R to which neither party has objected, the Magistrates Act does not prescribe any standard of review: "There is no indication that Congress, in enacting [the Magistrates Act], intended to require a district judge to review a magistrate's report[.]" *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

The Commissioner timely filed objections to the F&R (Dkt. 36), to which Eastman responded (Dkt. 37). The Commissioner objects to Judge Papak's recommendation finding that the Commissioner's position in defending the Administrative Law Judge's ("ALJ") decision was not substantially justified and the finding that all of the hours expended by Eastman's counsel were reasonably expended and should be included in the fee award.

This Court has reviewed the F&R, finds no clear error in the portions that were not objected to, and hereby adopts the portions of Judge Papak's F&R to which no objections were filed. For those portions to which objections were filed, the Court adopts the results of the F&R, for the reasons stated below.

Page 2 – OPINION AND ORDER

**EAJA STANDARD**

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)).

A court applies a reasonableness standard in determining whether the government's position was substantially justified. *Flores*, 49 F.3d at 569. "The government has the burden of proving its positions were substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). It must demonstrate that its position had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569-70. The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (quotations and citation omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259.

The government's failure to prevail in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position

that is substantially justified, yet lose."). A district court's reversal of the ALJ's decision, however, is a strong indication that the government's defense of that decision was not substantially justified. *See Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("Our holding that the agency's decision of [this] case was unsupported by substantial evidence is therefore a strong indication that the position of the United States in this matter was not substantially justified. Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.") (internal quotations omitted).

Under the EAJA, if the government's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under the EAJA to determine the reasonableness of fees as it does under the Fees Act as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification that the *Hensley* analysis applies to EAJA cases). One factor a court must consider in this analysis is the results obtained. *See Atkins*, 154 F.3d at 989 (the results obtained factor of the *Hensley* fee analysis applies to cases under the EAJA). The Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136–37 (9th Cir. 2012).

## DISCUSSION

Eastman seeks attorney's fees in the amount of $6,799.34, which represents 34 hours of attorney time litigating the merits of Eastman's appeal of the ALJ's decision and three hours of attorney time preparing and defending the fee award application. Dkts. 25, 25-1, 33. The

Commissioner argues that the Court should decline to award fees because his position was substantially justified; in the alternative, the Commissioner argues that Eastman's request for fees is excessive in light of the fact that Eastman succeeded in only some of his arguments. Dkt. 36. As the parties are familiar with the facts of this case, the Court only repeats them as necessary.

**A. Substantial Justification**

Eastman appealed the ALJ's finding that he was not disabled, asserting five different arguments. Judge Papak issued Findings and Recommendation agreeing with two of Eastman's arguments and recommending this matter be remanded to the ALJ to further develop the record. Dkts. 19. Specifically, Judge Papak found that: (1) under the record as a whole, particularly because of the new evidence submitted by Eastman to the Appeals Council, the ALJ's decision was not supported by substantial evidence; and (2) the ALJ improperly relied on testimony by the vocational expert ("VE") that Eastman could perform occupations that, under the Dictionary of Occupational Titles ("DOT"), require reading, writing, and mathematical skills that are not included in Eastman's RFC, without providing a proper explanation for deviating from the DOT. *Id*. No objections were filed against these findings, and this Court adopted Judge Papak's findings and recommendation. Dkt. 21.

    **1. Defending the ALJ's decision despite new evidence**

After the ALJ determined that Eastman was not disabled, Eastman submitted new medical evidence to the Appeals Council, which the Appeals Council considered in its review. Tr. 3. A court reviewing an ALJ's opinion where new evidence was submitted to and considered by the Appeals Council must examine the new evidence in determining whether the ALJ's opinion was supported by substantial evidence and free of legal error. *Brewes v. Comm'r of Soc.*

*Sec.*, 682 F.3d 1157, 1163 (9th Cir. 2012). The new evidence is part of the administrative record of the case. *Id*.

Here, the Court found that with the new evidence the ALJ's decision was not supported by substantial evidence because: (1) the new evidence made the ALJ's reliance on state medical consultants' opinions problematic because their conclusions did not have the benefit of the later medical evidence, some of which contradicted the underlying assumptions in those opinions; (2) the new evidence could impact the ALJ's concern that the opinion of one of Eastman's doctors was inconsistent with the medical record as a whole and the ALJ's decision to give less weight to that opinion because the new evidence provided additional support for that opinion; (3) the new evidence provided objective findings supporting Eastman's alleged back and leg pain; and (4) the new evidence provided new diagnoses and further detail on Eastman's alleged limitations and would likely materially alter the ALJ's disability determination.

In evaluating the fee application, the court must look at both whether the government was substantially justified in taking its original action and whether it was substantially justified in defending the validity of its original action. *Guttierez*, 274 F.3d at 1259. Judge Papak correctly noted that the critical issue in this case is whether the Commissioner's decision to defend the ALJ's opinion, despite the new evidence, was substantially justified.

The Commissioner argues that his defense of the ALJ's opinion was substantially justified because the Court did not find that the RFC was not supported by substantial evidence. Def's Obj. at 5 (Dkt. 36). Although the Court did not expressly state that the RFC was not supported by substantial evidence, the Court did find that the "ALJ's decision is not supported by substantial evidence." Dkt. 19 at 6. The ALJ's "decision" includes the RFC determination. Notably, the Court's discussion of the record in light of the new evidence indicates that the RFC

may well be impacted by the new evidence. *Id*. at 4-8. Further, the Court found that there was a "substantial likelihood" that the new evidence "will materially alter the ALJ's disability analysis." *Id*. at 8. The RFC is part of the ALJ's "disability analysis" and is part of what will likely be affected by the new evidence. Thus, the fact that the Court did not expressly find that the RFC was not supported by substantial evidence does not show that the Commissioner's litigation position was substantially justified.

The Commissioner also argues that his litigation position was substantially justified because the Court chose to remand for additional findings as opposed to remanding for a finding of disability. Def's Obj. at 5-6. This argument misses the point in several respects. First, with regard to the new evidence, Eastman did not argue that the new evidence required a finding of disability, but instead argued that the new evidence required remand for consideration by the Commissioner under the sixth sentence of 42 U.S.C. 405(g). Dkt. 15 at 6-12. Although the Court relied on the fourth sentence instead of the sixth sentence of Section 405(g), the result obtained was the remand argued for by Eastman.

Second, at the time the Commissioner made its litigation decision, the Ninth Circuit had not yet decided *Brewes*, which holds that new evidence submitted to the Appeals Council is part of the record before the District Court and that plaintiffs do not need to show the evidence is material under Section 405(g) to justify a remand. 682 F.3d at 1163-64. Thus, both Eastman and the Commissioner argued the materiality of the evidence to this Court. New evidence is material for purposes of a remand for further consideration when it "bears directly and substantially on the matter in dispute and if there is a reasonable possibility that the new evidence would have changed the outcome of the determination." *Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010). Here, the government took a litigation position that there was no "reasonable possibility" that the

Page 7 – OPINION AND ORDER

new evidence would change the outcome of the ALJ's determination. The government could have voluntarily remanded the case to the ALJ for consideration of the new evidence, but instead chose to litigate the issue. Dkt. 17 at 6-9.

Third, the Commissioner chose to defend the ALJ's opinion, the conclusions of which were rendered problematic by the new evidence, despite the ALJ not having the benefit of the new evidence. The Commissioner's litigation position was that the ALJ's decision was supported by substantial evidence when viewing the record as a whole, including the new evidence.

The litigation positions above are what the Court must review for substantial justification, not whether the new evidence supported a finding of disability as opposed to a remand for further proceedings. In deciding the merits of this case, the Court disagreed with the Commissioner's litigation positions, found that ALJ's decision was not supported by substantial evidence under the record as a whole (particularly in light of the new evidence), found that there was a "substantial likelihood" that the new evidence would "materially alter" the ALJ's analysis, and ordered the case remanded for further proceedings. Given the type and content of the new evidence, the effect the new evidence would likely have on the ALJ's conclusions, and the failure of the Commissioner to object to the F&R on the merits, the government fails to meet its burden to show that its litigation positions with respect to the new evidence were substantially justified. *See, e.g., Bonner v. Astrue*, Civil Action No. 5:11-818-SB, 2012 WL 5199746 at *2 (D.S.C. Oct. 22, 2012) (the government's position did not have a reasonable basis in both law and fact where the court remanded so the ALJ could weigh the new evidence submitted to the Appeals Council and reconcile it with the other record evidence, coupled with the failure of the government to object to the Magistrate Judge's report and recommendation on the merits of the appeal); *Wilcox v. Astrue*, Civil Action No. 09-426-KSF, 2011 WL 6742955 at *2 (E.D. Ky.

Dec. 23, 2011) (new evidence provided to the Appeals Council "presented a reasonable probability" that it "would have changed the outcome of the agency's original decision" and thus the government's litigation position was not substantially justified); *Clark v. Astrue*, Civil Action No. 2:09-CV-252-KS-MTP, 2011 WL 3844187 at *4-5 (S.D. Miss. Aug. 30, 2011) (the government was not substantially justified in arguing that there was not a reasonable possibility that the new evidence would change the outcome of the ALJ's decision; thus the government's litigation position was not substantially justified for EAJA purposes).

### 2. Defending the ALJ's finding that Eastman could perform certain occupations

The Commissioner did not object to Judge Papak's F&R on the merits of this case, but now the Commissioner essentially argues that the ALJ was substantially justified in finding that Eastman could perform certain occupations, despite the DOT requirements, and thus the Commissioner's litigation position was also substantially justified. The Commissioner argues that the DOT lists the "maximum" requirements, that the VE's "more specific information" may provide a reasonable explanation for deviating from the DOT's requirements, and that illiteracy does not automatically preclude persons from performing occupations involving the lowest GED levels. Def's Obj. at 3-4. The ALJ's opinion, however, did not provide an adequate explanation for accepting the VE's testimony that deviated from the DOT requirements, nor did the VE's testimony explain the deviation. Whether the VE had "specific information" relating to Eastman or the occupations that the VE determined Eastman could perform that justify a deviation from the DOT requirements is not apparent from the VE's testimony or the ALJ's opinion.

Further, the cases cited by the Commissioner relating to illiteracy do not excuse the VE's testimony or the ALJ's decision in this case. The Court in *Landeros v. Astrue* found it dispositive that the ALJ did not consider language barriers at step four and did not include language barriers in the hypothetical given to the VE, such that the ALJ was not then required to explain how that

Page 9 – OPINION AND ORDER

limitation affected the ALJ's finding at step five that the claimant could perform her past relevant work. No. CV 11-7156-JPR, 2012 WL 2700384 at *5 (C.D. Cal. July 6, 2012). This Court is not opining on the reasoning of the *Landeros* court, but assuming that the reasoning is sound, it does not help the Commissioner in this case. Here, the ALJ included Eastman's reading, writing, and mathematical limitations in the hypothetical given to the VE, and as such, the discrepancy between the VE's findings and the DOT must be explained. *See, e.g., Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (language limitations were included in the hypothetical given to the VE, and although a claimant is not per se disabled if he or she is illiterate, "in order for an ALJ to rely on a job description in the [DOT] that fails to comport with a claimant's noted limitations, the ALJ must definitely explain this deviation").

The other two cases cited by the Commissioner reiterate the principle that illiteracy does not result in per se disability. Def's Obj. at 4 (citing *Meza v. Astrue*, No. C-09-1402-EDL, 2011 WL 11499 at *21 (N.D. Cal. January 4, 2011); *Priel v. Astrue*, No. 08-CV-0213, 2010 WL 184329 at *3 (W.D.N.Y. Jan. 15, 2010)). This principle alone, however, is insufficient because the Ninth Circuit, while recognizing that there is not a per se disability with illiteracy, instructs that the VE or ALJ must explain the deviation from DOT requirements. *Pinto*, 249 F.3d at 847 (noting that although illiteracy is not a per se disability, the ALJ must explain the deviation between the DOT requirements and the VE's testimony; remanding for further proceedings, in part to determine how the claimant's language skills factor into the disability determination).

The Commissioner fails to meet his burden to show that the Commissioner's defense of the ALJ's finding that Eastman could perform occupations that, under the DOT, require skills not included in Eastman's RFC, without explaining the deviation from the DOT, had a reasonable basis in law and fact.

In sum, this case does not fall within the "decidedly unusual" category of cases "in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874.

## B. The Amount of Fees and Costs

The Commissioner also argues that Eastman's fee request is excessive because Eastman was only successful on two of his five arguments. Def.'s Obj. at 6-7. In total, Eastman seeks attorney's fees in the amount of $6,799.34, which represents one and one-half hours of attorney time at $180.59 per hour and 35.5 hours at $183.90 per hour. Dkts. 25-1, 33. The Commissioner does not challenge Eastman's requested hourly rates, and the Court finds them reasonable.

In Eastman's opening brief, he alleged errors with, among other things, the ALJ's treatment of his testimony, his girlfriend's lay testimony, and his diabetes mellitus. Dkt. 15. The Court rejected each of these specific assignments of error and affirmed the ALJ on each. Dkt. 19 at 8-21 and Dkt. 21. The Court, however, agreed with Eastman that the new evidence he submitted was material and warranted remand and that the ALJ improperly relied on VE testimony that deviated from the DOT without explanation. Dkt. 19 at 5-8, 21-25. The Commissioner argues that this represents limited success, justifying a reduction by 40 percent in the fees requested by Eastman. Def.'s Obj. at 6-7.

The United States Supreme Court has set out a two-step process for analyzing a fee award when a plaintiff succeeds on only some contentions raised in the underlying lawsuit. *Hensley*, 461 U.S. at 434[1]; *see also Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001). The first step is to consider whether the plaintiff failed to prevail on claims that were unrelated to the

---

[1] As noted above, the Supreme Court in *Jean* applied the *Hensley* analysis to fee determinations under the EAJA. *Jean*, 496 U.S. at 160-63.

Page 11 – OPINION AND ORDER

claims on which the plaintiff succeeded. *Hensley*, 461 U.S. at 434. Claims are "unrelated" if they are "entirely distinct and separate from the claims on which the plaintiff prevailed." *Mink*, 239 F.3d at 1147 (quotations and citation omitted); *see also Hensley*, 461 U.S. at 434, 440 (unrelated claims are "distinctly different claims for relief that are based on different facts and legal theories" and are "distinct in all respects from [the] successful claims"). Hours expended on unrelated, unsuccessful claims should not be included in the fee award. *Hensley*, 461 U.S. at 440; *Mink*, 239 F.3d at 1147.

The second step of the *Hensley* analysis is to consider whether the "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434. A district court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*. at 435. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . . In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id*. A plaintiff "who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised" but where a plaintiff "achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* at 440. There is no rule or mathematical formula for making these determinations and it is left to the district court's discretion, exercised in light of the considerations identified by the Supreme Court. *Id.* at 436-37. The district court must provide a "concise but clear explanation of its reasons for the fee award" and "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Id.* at 437.

Here, although the parties and the Court have divided Eastman's suit into different assignments of error for convenience, Eastman has only asserted a single claim for relief arising out of a set of common facts. As such, much of the attorney time was "devoted generally to the litigation as a whole," the hours cannot easily be divided "on a claim-by-claim basis," and "the lawsuit cannot be viewed as a series of discrete claims." *Hensley*, 461 U.S. at 435; *see also Mink*, 239 F.3d at 1147 (all claims related to improving Oregon's disability determination system, involved a common core of facts and were based on related legal theories; thus they were related for purposes of a fee award). Thus, the first step of the *Hensley* analysis does not support reducing the fee award.

With regard to the second step of the *Hensley* analysis, this Court must determine whether Eastman achieved "substantial relief" as opposed to "limited success." If Eastman achieved only "limited success," then this Court must compare the relief obtained "to the scope of the litigation as a whole" and "award only that amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 435, 440. The Court found that the ALJ committed two reversible errors, and those errors were significant. As a result, Eastman obtained a remand for further proceedings with instructions for the ALJ to further develop the record regarding the new evidence submitted by Eastman and to either rely on the DOT definitions or provide persuasive evidence to support a deviation from those definitions. Dkt. 19 at 25.

The Court finds that the degree of success obtained by Eastman is substantial because, depending on the character of the new evidence and how the ALJ considers the VE's deviation from the DOT, the ALJ may change some or all of the findings this Court affirmed in its Opinion and Order and may change the final disability determination. Undoubtedly, Eastman's ultimate objective is to obtain a finding of disability during the operative period; this Court's order of

remand enables Eastman to move forward with his claim. As such, although Eastman did not succeed on all of the contentions he raised in the lawsuit, the Court declines to reduce Eastman's fee request because he obtained substantial relief. *Hensley*, 461 U.S. at 435, 440. Further, even if Eastman had achieved only limited success, the Court would not reduce his fee award because, considering the litigation as a whole, the amount of fees requested is reasonable in relation to the results obtained. *Id*. at 440.

## CONCLUSION

The Court ADOPTS the results of the F&R for the reasons stated in this Opinion and Order. Eastman's fee application is GRANTED. Dkt. 24. Eastman is awarded $6,799.34 for attorney's fees pursuant to 28 U.S.C. § 2412(d). Eastman has requested that any fee award be paid directly to his attorney, rather than to him. Dkt. 25. The government has not objected to this request or indicated that Eastman owes any federal debt that would be subject to the offsets allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, --- U.S.---, 130 S. Ct. 2521 (2010), but to the extent Eastman does owe such a debt, this award is subject to offset. Eastman has filed a signed assignment assigning any attorney's fees awarded to his counsel; the Commissioner shall honor the assignment. Dkt. 25.

IT IS SO ORDERED.

Dated this 15th day of March, 2013.

                                              /s/ Michael H. Simon
                                              Michael H. Simon
                                              United States District Judge